**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**BECKY GLOVER**                                                                    **PLAINTIFF**

**v.**                              **Case No. 2:24-CV-02133-DCF**

**FCA US LLC**                                                                      **DEFENDANT**

**<u>ORDER</u>**

Before the Court is Plaintiff's First Motion for Order Granting Voluntary Dismissal.   (Doc. 42).   For the reasons set forth below, the Motion is GRANTED.

This is a motor vehicle product liability action that involves the death of an individual driving the subject vehicle.  (Docs. 1-3).  On October 16, 2024, this case was removed to the Fort Smith Division of the Western District of Arkansas out of the Circuit Court of Sebastian County, Arkansas, based on diversity of the parties.  (*Id.*).  A Case Management Order was entered on January 28, 2025, setting the jury trial in this matter for August 7, 2026.  (Doc. 22).  Plaintiff was permitted to, and she did, Amend her Complaint on May 22, 2025. (Doc. 25). Defendant answered the Amended Complaint on June 2. (Doc. 27).  On October 3, upon joint motion of the parties, an Order was entered amending deadlines for expert witness disclosures and rebuttal experts but leaving the rest of the deadlines in the final scheduling order unchanged.  (Doc. 29).

1

This case was then reassigned to the undersigned on February 17, 2026. (Doc. 30).  On February 26, Defendant filed a Motion to Strike.  (Doc. 31).  On March 9, Plaintiff filed a Second Motion to Amend her Complaint (Doc. 32) and a Response in Opposition to the Motion to Strike (Doc. 33).  Upon motion by Defendant, an Amended Case Management Order was entered on April 16, 2026, updating certain pretrial deadlines but leaving in place the date of the jury trial.  (Doc. 36).  These deadlines were stayed pending resolution of Defendant's Motion to Strike and Plaintiff's Second Motion to Amend her Amended Complaint, which were referred to the Magistrate Judge.  (Doc. 38).  On April 30, the Magistrate Judge granted Defendant's Motion to Strike and denied Plaintiff's Motion to Amend.  (Doc. 39).

On May 20, 2026, Plaintiff filed her Motion for Order Granting Voluntary Dismissal (Doc. 42), and Defendant filed its Response in Opposition eight days later (Doc. 43).  On June 2, this Court held a status conference and directed the parties to file supplemental briefing on certain issues regarding the Motion. (Docs. 44, 45).  The parties filed their briefs on June 9, 2026.  (Docs. 46, 47). This motion is now ready for decision.

An action may be dismissed at the plaintiff's request by court order on terms that the court considers proper.  Fed. R. Civ. P. 41(a)(2).  In determining requests for voluntary dismissal, a court considers 1) proper explanations for

2

dismissal; 2) judicial time and effort already expended; and 3) any prejudice to defendants. *See Hamm v. Rhone-Poulenc Rorer Pharms., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). Upon the court rests the decision to allow a party to voluntarily dismiss her case under this rule. *See Bodecker v. Local Union No. P-46*, 640 F.2d 182, 186 n.5 (8th Cir. 1981).

Having reviewed both parties' supplemental briefing regarding proper explanations for dismissal and any prejudice to defendants, the Court finds that a proper explanation exists for dismissal subject to certain conditions that will limit prejudice to defendants should Plaintiff refile this action.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Order Granting Voluntary Dismissal (Doc. 42) is **GRANTED**, and her claims against Defendant are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a), subject to two conditions. First, if Plaintiff files any subsequent complaint arising out of the facts and circumstances at issue in the instant case, then such complaint must be filed in the United States District Court for the Western District of Arkansas. Second, the Court will further order Plaintiff to pay Defendant's fees and expenses as they are incurred and/or by future petition for duplicative activities performed during any such future litigation.

**IT IS FURTHER ORDERED** that Defendant shall file a motion and brief by no later than July 23, 2026, setting forth the appropriateness and

3

amounts they contend Plaintiff should pay going forward for categorical types of future litigation activities.  Plaintiff shall file its response and brief no later than 14 days after the filing of Defendant's motion.

**IT IS SO ORDERED** this 2nd day of July 2026.

/s/ David Clay Fowlkes

DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE